**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODERICK HERBERT,

       Plaintiff - Appellant,

  v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Defendant - Appellee.

No. 08-15757

D.C. No. 4:06-CV-05532-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted January 15, 2010[**]
San Francisco, California

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

   In February 2002, Roderick Herbert purchased an insurance policy from

State Farm Mutual Automobile Insurance Company ("State Farm") for his Harley

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Davidson Road King motorcycle. Roughly three years later, Herbert reported that his motorcycle had been stolen and filed a claim with State Farm, prompting the insurer to investigate the circumstances of the theft. State Farm ultimately denied Herbert's claim, concluding that he violated his policy's "fraud or concealment" clause by making several misrepresentations during the investigation. These included Herbert's suggestion that his criminal history was limited to juvenile arrests or convictions, though he had actually served time in state prison for multiple counts of motor vehicle theft.

After State Farm denied his claim, Herbert filed suit in California state court for breach of contract and breach of the implied covenant of good faith and fair dealing. State Farm removed the case to federal court, asserting diversity jurisdiction, and moved for summary judgment. The district court granted the motion, and Herbert appealed. We affirm.

We review a district court's grant of summary judgment de novo. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 776 (9th Cir. 2009). Under California law, an insurer may defend against a breach of contract claim by demonstrating that the insurance policy is void under a fraud or concealment clause. *Cummings v. Fire Ins. Exch.*, 249 Cal. Rptr. 568, 574 (Ct. App. 1988). A fraud or concealment clause voids a policy if a material misrepresentation is

"knowingly and willfully made, with intent to deceive the insurer." *Id.* at 572 (quoting *Claflin v. Commonwealth Ins. Co.*, 110 U.S. 81, 95 (1884)).

Materiality "is a mixed question of law and fact that can be decided as a matter of law *if* reasonable minds could not disagree on the materiality of the misrepresentations." *Id.* at 573. Under Herbert's policy, State Farm was only obligated to pay for "accidental" losses, not thefts that may have been occasioned by the insured. Consequently, any reasonable jury would conclude that Herbert's conviction of three counts of motor vehicle theft was reasonably relevant to State Farm's investigation. *See id.* (instructing that "materiality is determined by its prospective reasonable relevance to the insurer's inquiry").

Although an insured's mental state is a question of fact, "the intent to defraud the insurer is necessarily implied when the misrepresentation is material and the insured wilfully makes it with knowledge of its falsity." *Id.* at 574. Herbert's declaration is devoid of specific facts to innocently explain or clarify his misrepresentations regarding his criminal history. When pressed by the district court at oral argument, Herbert's counsel conceded that these misrepresentations were deliberate. Under these circumstances, Herbert failed to create a genuine issue of material fact as to whether he deliberately misrepresented his criminal history, and the district court was permitted to infer that he did so with the intent to

3

deceive State Farm.

As to Herbert's claim for breach of the implied covenant of good faith and fair dealing, State Farm presented several declarations by individuals with personal knowledge, as well as supporting documentary evidence, indicating that its investigation was performed reasonably and in good faith. In opposition to summary judgment, Herbert's declaration again responded with conclusory accusations and argument rather than specific facts that could lead a reasonable jury to find in his favor. Accordingly, the district court properly granted State Farm's motion for summary judgment on this claim as well. *See, e.g.*, *FTC v. Publ'g Clearing House Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

**AFFIRMED**.